[S. F. No. 1090.     Department One.—March 2, 1899.]

THEODORE FOX, Appellant, v. JOHN W. MACKAY et al., Respondents.

MINING CORPORATION—ACTION BY STOCKHOLDER—FINDINGS—SUFFICIENCY OF EVIDENCE.—In an action by a stockholder of a mining corporation to recover, from a defendant stockholder for the benefit of the corporation made defendant, a payment of fifty thousand dollars, out of which it is alleged that the defendant stockholder conspired to defraud, and did defraud, the corporation with the aid and connivance of the directors, evidence that the defendant stockholder was a director of a bank which was the treasurer of the mining corporation, and that the superintendent of the mine, to whom the money was paid by the mining corporation for extraordinary services, was indebted to the bank in the sum of about fifty thousand dollars, which was amply secured, by collaterals, but was paid out of the allowance made, whether sufficient or not to show a legal wrong against the mining company, is not sufficient to charge the personal defendant with liability, if the court finds, upon sufficient evidence, that such defendant was not a party to the transaction, nor a conspirator or participant therein in any way, and was not in the state when the money was voted or paid, and knew nothing thereof, and personally derived no pecuniary benefit therefrom.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

H. G. Sieberst. for Appellant.

W. E. F. Deal, and Edmund Tauszky, for Respondents.

GAROUTTE, J.—This cause is S. F. No. 1040, but it is the same cause as S. F. No. 1016, decided this day, and was argued jointly upon the same briefs. No. 1016 is an appeal from the judgment. No. 1040 is an appeal from the order denying plaintiff's motion for a new trial, and is now before us upon a separate record. Upon this appeal it is contended that the evidence is insufficient to support the findings of fact. A brief summary of various facts which gave rise to the present litigation is set forth in the opinion of the court upon the appeal from the judgment. Mackay was a director in the Nevada Bank, and the Nevada Bank was treasurer of the mining company defendant. Patton, superintendent of the mine, was indebted to the Nevada Bank by note in the sum of about fifty thousand dollars. It may be said that the theory of plaintiff's case is that Flood and Mackay, in the interest of the bank, formed a conspiracy to get the payment of Patton's note by inducing the directors of the mining company, whom they controlled, to vote Patton a gratuity of fifty thousand dollars, it being understood that the money when paid should be applied to the payment of Patton's indebtedness to the bank.

Upon the case, measured by the record before the court, we do not find it necessary to discuss the legal proposition as to the right of the board of directors of the mining company to pay Patton from the treasury of that company the sum of fifty thousand dollars. If there was fraud in that transaction, if legal wrong to the company was there done, it could only be material here if the defendant Mackay was a party to it. However much that payment may have been unauthorized in law, and however much it may have been a fraud upon the stockholders of the mining company, still if the defendant Mackay was not a participant therein, either directly or indirectly, no liability can be put upon him. As to his connection with the transaction, the findings of fact are all one way. By these findings it is declared that he had nothing to do with it, and the evidence is in full accord with the findings of fact. It is not even contradictory. Mackay was not in the state when the board of directors of the

mining company resolved to pay this money, and had not been in the state for a long time prior thereto. He knew nothing whatever of the matter until long after it had. become a thing of the past. He in no way attempted to influence the board of directors in voting the money. The fifty thousand dollar indebtedness of Patton to the bank was amply secured by collateral; hence, as a stockholder of the bank, the payment of the loan from the treasury of the mining company was no benefit to him, but, upon the contrary, as a stockholder of the mining company it was a substantial injury. He in no degree received any pecuniary benefit from the transaction, and in no sense was a conspirator to defraud the company out of the money. The findings of fact exonerate him from all liability, and the evidence does the same.

For the foregoing reasons the order is affirmed.

Harrison, J., and Van Dyke, J., concurred.